IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| BRENDA BURNS, o/b/o S.M.B., ) | C/A No. 2:14-cv-01288-RMG-MGB |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ) | |
| CAROLYN W. COLVIN, ) | REPORT AND RECOMMENDATION |
| ) | |
| Acting Commissioner of ) | |
| Social Security, ) | |
| ) | |
| ) | |
| _____ ) | |

The Plaintiff filed this action on behalf of her teenage daughter, S.M.B, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner wherein she was denied disability benefits. S.M.B was born June 5, 1997. (TR. 68.)  This case was referred to the undersigned for a report and recommendation pursuant to Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

**<u>Procedural History</u>**

Plaintiff applied for child's Supplemental Security Income (SSI) on her daughter's behalf on August 2, 2010, alleging disability since October 1, 2003, due to attention deficit hyperactivity disorder (ADHD), behavior disorder, bipolar disorder, attention deficit disorder (ADD), depression, panic attacks, oppositional defiant disorder (ODD), and sleep disorder.  (TR. 148-55, 251.) The Plaintiff's claims were denied both initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ), which was held on October 30, 2012. (TR. 93.) The Plaintiff and S.M.B. testified at the hearing.  (TR. 93-120.)  The alleged disability onset date was amended to October 24, 2009.  (TR. 99.)  On January 8, 2013, the ALJ

denied SSI benefits finding S.M.B. not disabled because she did not meet, medically equal, or functionally equal the severity of the listings. (TR. 65-80.) The ALJ's decision became the Commissioner's final decision for purposes of judicial review after the Appeals Council denied the Plaintiff's request for review on February 7, 2014. (TR. 1-6.) This action was filed April 8, 2014. (Dkt. No. 1.)

## Applicable Law

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner "are supported by substantial evidence and whether the correct law was applied." Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Richardson v. Perales, 402 U.S. 389 (1971); 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing 42 U.S.C. § 405(g); Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as:

> such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Substantial evidence consists of more than a mere scintilla of evidence but may be less than a preponderance.

Smith v. Chater, 99 F.3d 635, 637-38 (4th Cir. 1996) (internal quotation marks and citations omitted).

Thus, it is the duty of this Court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that his conclusion is rational. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

A child is considered disabled under the Act if she has a medically determinable physical or mental impairment which can be expected to cause death or last continuously for at least twelve months.  42 U.S.C. § 1382c(a)(3)(C)(i).  The Act requires the ALJ to engage in a three-step sequential process in adjudicating a child's claim for SSI.  If at any step of the process the ALJ determines the child is not disabled, the ALJ may stop his analysis; however if the ALJ does not determine the child is disabled, he must proceed to the next step.  Step One requires the ALJ to determine if the child is engaged in substantial gainful activity.  If the child is engaged in substantial gainful activity, she is not disabled.  20 C.F.R. § 416.924(b).  If the child is not engaged in substantial gainful activity, Step Two requires the ALJ to determine whether the child has one or more medically determinable impairments that are severe. 20 C.F.R. § 416.924(c).  A severe impairment is more than a slight impairment that causes more than minimal functional limitations.  Id.  If the child has no severe impairment, she is not disabled.  If the child has at least one severe impairment, the ALJ must proceed to Step Three to determent whether an impairment or combination of impairments meets or is the medical or functional equivalent of a listing set forth in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id.; 20 C.F.R. § 416.924(d). To determine if the child meets the functional equivalent of a Listing, the ALJ must consider the child's ability in the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a.  A child's impairments or combination of impairments functionally equal the Listings when the impairments result either in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

The regulations promulgated under the Act require the ALJ to "evaluate every medical opinion [he] receive[s]." 20 C.F.R. § 404.1527. Opinion evidence must be evaluated in accordance with 20 C.F.R. § 404.1527. A treating physician's opinion should be given controlling weight under 20 C.F.R. § 404.1527(c) if the ALJ finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record." Id. If a treating physician's opinion is not given controlling weight, the ALJ is to consider whether the physician has examined the patient, the length of the relationship and frequency of examinations, what medical evidence supports the opinion, if the opinion is consistent with the record as a whole, if the physician is a specialist in the area the opinion concerns, and other relevant factors. See 20 C.F.R. § 404.1527(c). "Courts often accord 'greater weight to the testimony of a treating physician' because the treating physician has necessarily examined the applicant and has a treatment relationship with the applicant." Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (quoting Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001)).

## Analysis

After examining the record as a whole, it may well be that substantial evidence exists to support the ALJ's decision in the instant case; however the court cannot conduct a proper review based on the record presented. The ALJ did not properly evaluate and weigh the opinion evidence of S.M.B.'s treating psychiatrist, Dr. John Allen. Dr. Allen has treated S.M.B. for bipolar disorder since 2005. (TR. 73.) The ALJ assigned Dr. Allen's opinion "partial weight." (Id.) The ALJ noted that Dr. Allen assessed S.M.B. had "marked difficulties" in maintaining social functioning and maintaining concentration, persistence, or pace and "marked

impairment[s]" in age-appropriate social functioning and age-appropriate personal functioning. (Id.) The ALJ found that:

> Dr. Allen's opinion regarding the claimant's social functioning is consistent with the claimant's record of school problems, police intervention, and out of home placement. However, the record does not support Dr. Allen's opinion regarding the claimant's concentration, persistence, or pace. Service notes from [the Aiken Barnwell Mental Health Center] dated March 5, 2012 state that the Plaintiff was distractible but her memory was intact.

(TR. 73.) The ALJ "afforded great weight" to the opinions of two state agency consultants that found S.M.B. was not disabled. The first state agency consultant's opinion found that S.M.B. "had less than marked limitation in acquiring and using information, less than marked limitation in attending and completing tasks, marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, no limitation in caring for yourself, and no limitation in health and physical well-being." (Id.) The second state agency consultant's opinion was identical to the first except that he found S.M.B had less than marked limitation in caring for yourself. (Id.) The ALJ found the state agency consultants' opinions were supported by the claimant's testimony, the consultative examination[1] of John C. Whitley III, Ph.D., and records from the Aiken Barnwell Mental Health Center over a 30 month period.

Given the partial weight afforded by the ALJ, the ALJ was obligated to examine the Dr. Allen's opinions in accordance with the 20 C.F.R. § 404.1527(c) factors. The ALJ must consider the examining relationship Dr. Allen had with S.M.B.  20 C.F.R. § 404.1527(c)(1)  The ALJ acknowledged Dr. Allen had been S.M.B.'s treating psychiatrist since 2005. The ALJ must

---

[1] Dr. Whitley examined S.M.B. on November 18, 2011. (TR. 520.) Dr. Whitley's review of S.M.B.'s prior records consisted of "[p]sychiatric notes Dr. Kossenbaum December 2010; South Carolina Department of Juvenile Justice ("DJJ") psychological evaluation July 2010." (Id.) There is no indication Dr. Whitley examined any records or consulted with any source that could provide a longitudinal perspective of S.M.B.

consider the treatment relationship.  20 C.F.R. § 404.1527(c)(2)   Greater weight is given to treating sources because:

> [T]hese sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of your medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

Id. Dr. Allen, of anyone in the record, can "provide a detailed, longitudinal picture" of S.M.B.'s impairments.  The ALJ discounted Dr. Allen's detailed, longitudinal picture but gave great weight to two "consultative examinations" that were supported by a third "consultative examination," the testimony of the 15 year old claimant, and 49 pages of treatment notes spanning 30 months.[2]  The ALJ failed to provide any detail as to why Dr. Allen's opinion was discounted beyond "the record does not support" his opinion and S.M.B.'s memory was intact.

The ALJ must consider the length of the treatment relationship and the frequency of examination.  20 C.F.R. § 404.1527(c)(3).  The regulations state,

> [g]enerally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the source's opinion more weight than we would give it if it were from a nontreating source.

20 C.F.R. § 404.1527.  Again, Dr. Allen has examined and treated S.M.B regularly since 2005. Unlike the consulting sources, Dr. Allen's opinion is based on a longitudinal picture and must be

---

[2] This court does not agree with the ALJ that the records from the Aiken Barnwell Mental Health Center fully support the opinions of the state agency consultants.  For instance, the first record cited to by the ALJ is a clinical assessment for suicidal ideations, notes a history of self-mutilation, finds her appearance and hygiene to be disheveled, and finds she makes poor decisions affecting herself.  (TR. 480, 483-84.)  The second set of records cited noted that S.M.B. had poor insight and judgment, was "very implus[ive] and without a conscience," and further treatment was justified to prevent hospitalization and because of instable symptoms.  (Tr. 500-502.)  The third set of records cited by the ALJ are almost identical to the second set.  (TR. 513-514.)  The final set of records cited by the ALJ does show some improvement as S.M.B. has fair judgment and insight.  (TR. 629-643.)

given "more weight" than if it were from "a nontreating source," such as the state agency consultants.

The ALJ must consider the evidence a medical source uses to support an opinion. 20 C.F.R. § 404.1527(c)(3). Presumably, Dr. Allen's opinion is based on the longitudinal picture of S.M.B. developed since 2005. The ALJ must consider how consistent Dr. Allen's opinion is with the record as a whole. 20 C.F.R. § 404.1527(c)(4). Throughout his treatment notes, Dr. Allen noted S.M.B. having decreased concentration and difficulty concentrating. (See TR. 465, 474, 476, 647.) An Aiken County Public School Student Observation Record noted S.M.B. was distracted by visual stimuli and "daydreams, stares into space." (TR. 204.) Other school records noted she had "difficulties with attention" and "struggles to stay focused." (TR. 201, 177.) A Behavioral Assessment System for Children, Second Edition (BASC-2) conducted by her school indicated S.M.B. had "significant difficulty with attention and learning." (TR. 179.) An assessment performed by DJJ indicated she exhibited "forgetfulness, difficulty sustaining attention, and difficulty maintaining focus." (TR. 431.) Dr. Whitley noted S.M.B. could not spell the word "world" backwards. (TR. 522.) The record contains significant support for Dr. Allen's opinion. The ALJ must consider Dr. Allen's specialization as a psychiatrist as well. 20 C.F.R. § 404.1527(c)(5).

"The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give 'good reasons' in the written decision for the weight given to a treating source's opinions." Frazier v. Colvin, No. CIV.A. 4:12-2528-RMG, 2014 WL 279680, at *2 (D.S.C. Jan. 21, 2014) (quoting SSR 96–2P, 61 Fed.Reg. 34490, 34492 (July 2, 1996)). In the case at bar, the ALJ failed to give "good reasons" for discounting Dr. Allen's opinion. Considering the 20 C.F.R. § 404.1527(c) factors, Dr. Allen's opinion was entitled to a greater weight than given by

the ALJ. The ALJ discounted Dr. Allen's opinion based on SMB's memory being intact. The Commissioner provides a single citation in her brief to support that memory is relevant to evaluating concentration, persistence, and pace. (Dkt. No. 25 at 16.) While this may be true, certainly case law does not support the ALJ's contention that intact memory precludes a finding of marked difficulty with concentration, persistence, and pace given by a treating source. (TR. 73.) Therefore, this court recommends this case be remanded to the Commissioner for further proceeding consistent with this report and recommendation to include proper consideration of Dr. Allen's opinion consistent with 20 C.F.R. § 404.1527(c), and to include "good reasons" for the weight given to Dr. Allen's opinion.[3]

## Recommendation

Accordingly, IT IS RECOMMENDED that the Commissioner's decision be REVERSED and that this matter be REMANDED TO THE COMMISSIONER for further proceedings in accordance with this opinion.

IT IS SO RECOMMENDED.

July 13, 2015

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

---

[3] Given this court's finding that the ALJ did not properly consider the opinion of Dr. Allen and recommends the case be remanded, the court does not reach the Plaintiff's additional arguments.